# EXHIBIT 5

LAW OFFICE OF
# NICOSIA & ASSOCIATES, P.C.

PETER J. NICOSIA (MA, NH & ME)

ADAM R. LAGRASSA (MA)

259 MIDDLESEX ROAD
P.O. BOX 721
TYNGSBORO, MASSACHUSETTS 01879
www.nicosia-associates.com

TELEPHONE: (978) 649-4300
FACSIMILE: (978) 649-9306
TOLL FREE: (866) 215-9248

March 29, 2021

Via Email and Fax Only

mhanson@tyngsboroughma.gov
978-649-2320

Matthew J. Hanson, Town Administrator
Board of Selectmen
Town of Tyngsborough
25 Bryant Lane
Tyngsborough, MA 01879

**RE: MJ's Market-405 & 409 Middlesex Road-Host Community Agreement**

Dear Selectmen and Administrator Hanson:

I represent Nature's Remedy of Massachusetts, Inc. and Valiant Enterprises, LLC, 420 Middlesex Road, Tyngsborough, MA 01879. My clients are sending this correspondence as a formal objection with regards to the recent Selectmen vote to award the remaining Adult-Use, Recreational Marijuana Retail Establishment Host Community Agreement to MJ's Market.

The grounds for this objection are as follows:

1. Valiant Enterprises, LLC is the legal title owner to 420 Middlesex Road, Tyngsboro, MA 01879 by virtue of a Deed recorded in the Middlesex North District Registry of Deeds at Book 32756, Page 204 dated February 2, 2019.

2. Nature's Remedy of Massachusetts, Inc. is a lawful tenant of 420 Middlesex Road, Tyngsboro, MA 01879 and was the recipient of a Special Permit from the Tyngsboro Planning Board to operate a Recreational Marijuana Retail Establishment located at said 420 Middlesex Road, Tyngsboro, MA 01879. Said Special Permit is recorded in the Middlesex North District Registry Deeds at Book 32756, Page 207 also recorded on February 2, 2019. The Special Permit was granted by the Planning Board on November 15, 2018 and filed with the Town Clerk on December 6, 2018.

3. Both Valiant Enterprises, LLC as property owner and Nature's Remedy of Massachusetts, Inc. as lawful tenant and as Special Permit holder both have standing under M.G.L. c.40A and c.30A as abutters and as aggrieved persons as defined by the

1

statute to assert an objection to the proposed Host Community Agreement to be awarded to MJ's Market.

4. Pursuant to Tyngsboro Zoning Bylaw (hereinafter 'ZBL') 5.40.01(b), Adult Use Marijuana Retail Establishments are not to be located within 500 feet of each other. Pursuant to ZBL 5.40.02, the measurement is taken in a straight line from the pre-existing building to the nearest point of the proposed building. MJ's Market did not provide a certified plot plan stamped by a civil engineer attesting that its location as presently proposed complies with the 500-foot set-back requirement. What was provided was a conceptual, non-certified working site plan where they simply represented that such compliance is present without engineering certification. My client believes that MJ's measurement was not taken from our client's as-built plan and that the present submitted measurement may not be accurate. My client is in the process of obtaining its own engineering certification in this regard. MJ's Market should be required to provide engineering certification to attest to its compliance with the ZBL. I'm sure the town doesn't want to run into another after-the-fact discovery of such an issue similar to what occurred with the Royalty Group and my client.

5. Pursuant to ZBL 5.40.01(a) an Adult Use Marijuana Retail Establishment is not to be located within 500 feet of where there is indoor or outdoor recreation areas for children. I do not see engineering certification in the administrative record to demonstrate compliance as it relates to Max's Country Golf. MJ's Market should be required to provide such certification. Again, such a project-halting issue should be known on the front end so as to not run into another extended delay with a dormant HCA as the town experienced with Royalty Group.

6. There are other front-end site considerations the Board should also review so as to avoid additional potential latent site defects that would delay or perhaps even prevent future use of the HCA. The Applicant should be required to demonstrate compliance with all lot dimensional requirements of ZBL 2.12.50. Upon review of the conceptual site plan, my client believes MJ's Market will have a difficult time attempting to achieve concurrent compliance with both ZBL 2.12.50 and 5.40.01.

7. My client understands that MJ's Market will also have to seek Site Plan Special Permit approval with the Tyngsboro Planning Board. In addition to the concerns raised above, my client is concerned about the traffic impacts that may be created by having two adult-use dispensaries located so close to each other in that particular area of town. See ZBL 1.16.14. Nature's Remedy would request the Town consider the traffic impact of the proposed location with cars turning into oncoming traffic at the proposed site, whereas cars are required by the Mass. DOT to take a right turn (southerly) out of Nature's Remedy. This presents a potentially dangerous pattern of cars decelerating or stopped to take a left turn with traffic turning onto them from Nature's Remedy parking. It would appear a dedicated turn lane should be required in such a case.

8. My Client would also like the Town to consider the financial impact placing dispensaries next to one another as pertains to the Town's ability to maximize HCA revenue. In my

2

client's experience, stores placed next to one another tend to hurt both license holders, whereas stores with some separation tend to attract more clients overall. It appears there is a perfectly viable location a few thousand feet to the south that would be a much more suitable spot, not present traffic concerns, and would potentially allow both businesses to thrive versus having two of the same types of stores adjacent to one another.

Nature's Remedy welcomes another cannabis dispensary into the Town of Tyngsboro; however, based on my client's experience at the location and in the industry, careful selection of the site is critical for each license holder. We would urge the Town to reconsider the site selection to one that is not within the buffers and presents fewer challenges in order to attain a permit license more rapidly. In light of the foregoing, my client requests that the Board of Selectmen reconsider their decision to award the Host Community Agreement to MJ's Market.

Regards,

Peter J. Nicosia, Esquire
cc: clients