**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

MJ'S MARKET, INC.,

                     **Plaintiffs,**

v.

JUSHI HOLDINGS, INC., et al.,

                     **Defendants.**

**CIVIL ACTION NO. 4:23-cv-40037**

**PLAINTIFF MJ'S MARKET, INC.'S *EMERGENCY* MOTION FOR PROTECTIVE
ORDER TO PRECLUDE THE DEFENDANTS FROM TAKING THE UNTIMELY AND
IMPROPERLY NOTICED DEPOSITION OF GRASSLANDS, LTD.
(Memo of Law Incorporated herein)**

Plaintiff MJ's Market, Inc. hereby submits this Emergency Motion for a Protective Order to preclude Defendants Jushi Holdings, Inc., Jushi Inc., Jush MA, Inc., McMann, LLC, Nature's Remedy of Massachusetts, Inc. and Valiant Enterprises, LLC from taking a remote deposition of Grasslands Ltd. ("Grasslands") outside of the discovery period and without having complied with Rules 30, 45 or 26 of the Federal Rules of Civil Procedure. This Motion is being filed on an emergency basis because MJ's Market, Inc. has communicated to Defendants that it objects to the deposition and asserts that the deposition is not properly noticed and the purported deposition subpoena not served in compliance with the federal rules and, notwithstanding such objections, Defendants apparently intend to proceed with the deposition without agreement, without attempting any meet and confer, and without seeking leave of the Court. For these reasons, MJ's Market, Inc. respectfully requests that the Court enter a protective order precluding Defendants from proceeding as noticed.

**BACKGROUND**

On April 2, 2026, Defendants purported to notice a deposition of Grasslands, a company that provided some public relations services to MJ's Market for a brief time during 2023, to occur on April 8, 2026, which is two days after the discovery period ends according to the Court's scheduling order. *See **Exhibit A***, attached hereto. Grasslands is located in Colorado. Defendants' untimely notice provided only 4 business days' notice of the deposition and was not accompanied by any copy of a deposition subpoena issued to or served on Grasslands. On April 4, 2026, Defendants belatedly provided a copy of the purported subpoena (which is purportedly issued on April 2, 2026 and is without any return or other acknowledgement of service of any kind), but only after MJ's Market's counsel requested it. *See **Exhibit B***.

Defendants' counsel has claimed that Grasslands accepted service of the subpoena – a claim with which Grasslands' counsel does not agree. Apparently, Defendants' counsel represented that Grasslands would be required to appear for a deposition, failed to advise Grasslands or its lawyer that the discovery deadline was April 6, 2026, and failed to inform Grasslands or its counsel that no notice had been issued to MJ's Market of any deposition or of any deposition subpoena.

The Grasslands deposition is scheduled on the same date as the previously scheduled and agreed to deposition of Jushi Holdings, Inc. CEO James Cacioppo, which was set to occur remotely for April 8th, a date that Defendants offered as an alternative to producing Mr. Cacioppo on March 20, 2026 when it was originally and timely noticed. The Grasslands deposition has been scheduled to interfere with MJ's Market's deposition of Mr. Cacioppo.

**ARGUMENT**

**A.  Standard for Protective Orders Under Fed. R. Civ. P. 26(c)**

Fed. R. Civ. P. 26(c) authorizes a court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

2

The district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required, and great deference is shown to the district judge in framing and administering such orders. Further, discovery, while broad, is generally limited to evidence that is "relevant to any party's claim or defense and proportional to the needs of the case."

**B. Defendants' Proposed Deposition of Grasslands is Outside the Discovery Cut Off and Defendants' Failed to Comply with Rule 30(b) and 45 by Failing to Provide Proper Notice of the Deposition and Deposition Subpoena**

Rule 30(b) requires a party seeking to conduct a deposition to give "reasonable written notice to every other party." On April 2, 2026 Defendants noticed and Grasslands' deposition to occur on April 8, 2026, which is outside the April 6, 2026 discovery deadline. Additionally, Defendants failed to provide MJ's Market with reasonable notice of the deposition before it was served to Grasslands. Defendants gave notice on April 2, 2026 for the deposition scheduled on April 8, 2026 at 2PM. In fact, Defendants did not provide any notice of the subpoena until after they issued a deposition notice and after counsel for MJ's Market responded to the notice inquiring whether a deposition subpoena had been issued and served. This did not constitute "reasonable written notice" as required by Fed. R. Civ. P. 30(b)(1). *See Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, Civil Action No. 06-00593, 2008 WL 449972, at *2 (E.D. La. Feb. 14, 2008)(noting finding that "depositions noticed a mere four business days before the witnesses would be required to appear for depositions is insufficient to comply with the 'reasonableness' requirement in [the] Rule"); *United States v. Philip Morris Inc.*, 312 F.Supp.2d 27, 36-37 (D.D.C. 2004) (holding that notice of three business days does not constitute "reasonable notice"). Had Defendants acted in a timely manner and provided the required notice under the rules, there likely would have been no need for MJ's Market to file this motion in due course or on an emergency basis.

Moreover, Defendants have not requested any extension of the discovery period to accommodate their untimely deposition and have, therefore, failed to articulate any basis for the Court to permit the deposition to proceed. Case management order schedule modifications require leave of court predicated on a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4)(specifying requirements); 6A Wright and Miller, Federal Practice and Procedure § 1522.2, 313-316 (2010) (discussing concept). As applied to discovery, the existence of "good cause" turns on a variety of factors, including: (1) whether the moving party's lack of diligence or the opposing party's conduct contributed to delay; (2) potential prejudice cause by the discovery extension; and (3) any other factors the court, in its discretion, determines to be relevant. 6A Wright and Miller, supra. Defendants have not attempted to establish these standards can be met for the Grasslands deposition. Defendants have no excuse for waiting until the 11th hour to schedule this deposition. MJ's Market has done nothing to delay Defendants in pursuing any discovery from Grasslands and MJ's Market will be prejudiced in being forced to attempt to juggle an untimely deposition that is scheduled to proceed simultaneously with another deposition that was timely and properly noticed and scheduled.

**C. Defendants have Deliberately Scheduled the Grasslands Deposition to Conflict with MJ's Market's Deposition of Jushi's CEO Jim Cacioppo**

On February 19, 2026, MJ's Market noticed a deposition of Jushi Holdings, Inc.'s CEO, James Cacioppo to take place on March 20, 2026. Defendants objected to the deposition, citing the apex doctrine, but offered to make Mr. Cacioppo available remotely for a deposition on alternate dates. As a matter of compromise, on March 5, 2026 MJ's Market agreed to a Zoom deposition of Mr. Cacioppo to take place on April 8, 2026 (outside the discovery cutoff date) by agreement. Defendants have now set the improperly noticed Grasslands deposition to occur on the same date starting at 2PM. Subsequently, on April 2, 2026 Defendants unilaterally declared that

4

that Mr. Cacioppo would have to start his deposition at noon because he is on the west coast. Notwithstanding that the rules provide 7 hours for a deposition, Defendant have refused to make Mr. Cacioppo available on any other date – effectively attempting to limit the time of Mr. Cacioppo's deposition by mere fiat.

The circumstances indicate that Defendants have noticed the Grasslands deposition deliberately to interfere with MJ's Market's deposition of Mr. Cacioppo that was previously agreed to on the same date. In fact, forcing MJ's Market to have to file this Motion appears calculated to also interfere with the time that MJ's Market would have to prepare for Mr. Cacioppo's deposition.

## CONCLUSION

WHEREFORE, for the foregoing reasons, MJ's Market respectfully requests that this Court grant its motion for a protective order and (a) preclude the untimely and improperly noticed deposition of Grasslands, and (b) award MJ's Market its legal fees and expenses incurred in pursuing this Motion for Protective Order necessitated by Defendants' discovery abuses.

**MJ's Market, Inc.**

By its attorneys,

/s/ Michael J. Duffy
Michael J. Duffy, BBO# 652621
TYMANN, DAVIS & DUFFY, LLP
45 Bromfield St., Floor 6
Boston, MA 02108
(617) 933-9490
mduffy@tddlegal.com

/s/ Eric J. Kfoury
Eric J. Kfoury, BBO #552572
6 Martin Ave
North Andover, MA 01845
978.758.9595
eric@kfourylawandconsulting.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2026, a copy of the above document was served on all counsel of record via electronic mail.

/s/Michael J. Duffy
Michael J. Duffy