| | |
|---|---|
| **Subject:** | MJ's Market v. Jushi Holdings, Inc., et al. |
| **Date:** | Thursday, April 2, 2026 at 7:16:46 PM Eastern Daylight Time |
| **From:** | Donovan, Caroline |
| **To:** | Michael Duffy, 'eric@kfourylawandconsulting.com', Higgins, Chad, McCall, Kristin, Brandwein, Zack, Long, Joseph |
| **CC:** | Wood, Lisa, Kerner, Rachel, Kang, Gilleun |
| **Attachments:** | Grasslands Notice of Deposition.pdf |

Dear Counsel, please see attached notice of deposition to Grasslands Ltd.

Regards,
Caroline

**Caroline S. Donovan | Partner**

FOLEY
HOAG LLP

**FOLEY HOAG LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

+16178321165 phone

www.foleyhoag.com

Any tax advice included in this document and its attachments was not intended or written to be used, and cannot be used for the purpose of avoiding penalties under the Internal Revenue Code.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Foley Hoag LLP immediately -- by replying to this message or by sending an email to postmaster@foleyhoag.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

For more information about Foley Hoag LLP, please visit us at www.foleyhoag.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MJ's MARKET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JUSHI HOLDINGS, INC., et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: 4:23-CV-40037-MRG |

---

**NOTICE TO TAKE DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

---

PLEASE TAKE NOTICE that Defendants Jushi Holdings, Inc., Jushi MA, Inc., Jushi, Inc., Nature's Remedy of Massachusetts, Inc., McMann LLC, and Valiant Enterprises, LLC (collectively, the "Jushi Defendants"), by and through the undersigned counsel, will take the deposition of the Grasslands Ltd. pursuant to Fed. R. Civ. P. 30(b)(6) beginning at **2:00 p.m., Mountain Time on Wednesday, April 8, 2026** by remote means (Zoom).

The deposition will continue from day-to-day before a person duly authorized to administer oaths until concluded and shall be recorded by audiovisual and stenographic means, and may be used for all purposes under the Federal Rules of Civil Procedure and Federal Rules of Evidence, including trial. The topics to be addressed are described in the attached **Exhibit A**.

Dated: April 2, 2026

Jushi Holdings, Inc., Jushi MA, Inc., Jushi, Inc., Nature's Remedy of Massachusetts, Inc., McMann LLC, and Valiant Enterprises, LLC

By their attorneys,

*/s/ Lisa Wood*

Lisa Wood (BBO #543811)
Caroline Donovan (BBO #683274)
Rachel Kerner (BBO #703341)
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
lwood@foleyhoag.com
cdonovan@foleyhoag.com
rkerner@foleyhoag.com

Brian S. Grossman (BBO# 641159)
STRANG SCOTT & GIROUX, LLP
6 Beacon Street
Suite 815
Boston, MA 02108
(857) 233-5534
bgrossman@strangscott.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document was served on all counsel of record by electronic mail on April 2, 2026.

*/s/ Caroline Donovan*
Caroline Donovan

**EXHIBIT A**

**DEFINITIONS**

The following definitions apply to this Deposition.

1. All definitions contained in Local Rule 26.5 of the United States District Court for the District of Massachusetts apply to these topics and are incorporated by reference.

2. The incorporation by reference of these definitions does not narrow or limit the meaning of any terms defined herein.

3. The term "Action" refers to *MJ's Market, Inc. v. Jushi Holdings, Inc., et al.*, Docket No. 4:23-cv-40037-MRG, pending in United States District Court for the District of Massachusetts.

4. The term "Jushi" shall refer to Jushi Holdings, Inc., Jushi, Inc., Jushi MA, Inc., Valiant Enterprises, LLC, McMann LLC, and Nature's Remedy of Massachusetts, Inc., as well as their agent(s), attorney(s), and any other person(s) acting or purporting to act on their behalf.

5. The terms "MJ's Market" and/or "Plaintiff" shall refer to MJ's Market, Inc., as well as its agent(s), attorney(s), and any other person(s) acting or purporting to act on its behalf, and including any current or former parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, shareholders, officers, directors, partners, agents, employees, servants, representatives, accountants, investigators, and attorneys.

6. The term "Grasslands" shall refer to Grasslands Ltd. as well as its agent(s), attorney(s), and any other person(s) acting or purporting to act on its behalf, and including any current or former parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, shareholders, officers, directors, partners, agents, employees, servants, representatives, accountants, investigators, and attorneys.

7. The term "TGA" shall refer to Troca Global Advisors LLC as well as its agent(s), attorney(s), and any other person(s) acting or purporting to act on its behalf, and including any current or former parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, shareholders, officers, directors, partners, agents, employees, servants, representatives, accountants, investigators, and attorneys.

8. The term "Sammartino" refers to Sammartino Investments LLC, WWF LLC, John Brady, Robert Carr, Jr., and Justin Lundberg, as well as their agent(s), attorney(s), and any other person(s) acting or purporting to act on their behalf.

9. The term "official," "director," "officer," "employee," "representative," or "agent" shall include any natural or corporate person, including any attorney, serving, acting or being in such capacity (by contract or otherwise) at any relevant time even if such person no longer serves, acts or is in such capacity.

10. The word "date" as used herein shall mean the exact day, month and year, if ascertainable, or if not ascertainable, the best approximation.

11. The terms "and," "or" and "and/or" are to be construed herewith conjunctively or disjunctively as necessary to bring within the scope of the specification all materials that might otherwise be construed to be outside its scope.

12. The terms "any" and "all" as used herein shall be construed to mean "each and every," and vice versa.

13. The terms "include" or "including" as used herein shall be construed to mean "without limitation," whether or not so specified in the particular topic.

14. The terms "person" or "persons" shall include not only natural persons, but also all firms, partnerships, associations, joint ventures, corporations, limited liability companies, governmental entities, and any other entity of any type.

15. The terms "refer" and "relate," "refers" and "relates," "referred" and "related," and "referring" and "relating" as used herein shall mean, in addition to their usual and customary meaning, in any way discussing, reflecting, supporting, concerning, mentioning, refuting, addressing, and/or recording.

16. The terms "document," "documents" or "documentation" shall have their customary, broad meanings and shall include, without limitation, any and all manner of written, typed, printed, reproduced, filmed, digital or recorded material, words, symbols, sound recordings, film, tapes, video tapes and information stored in, or accessible through, computers, phones, or other information storage or retrieval systems, data compilations, and all photographs, pictures, plans, video tapes, text messages, digital recordings or other representations of any kind or anything pertaining, describing, reflecting or relating, directly or indirectly, in whole or in part, to the subject matter of each paragraph of the discovery, and from which information can be obtained. The terms also include any former written communication, whether sent or received, and all non-identical copies of originals. If the information is kept in a computer or informational storage or retrievable system, the terms also include codes and programming instructions and other materials necessary to understand such systems.

17. The term "communications" shall refer to both written exchanges, including electronic, e-mail communications, and text messages, and oral exchanges regarding the issues at hand. Further, the term "oral" shall include those oral communications memorialized in some tangible form.

18. Unless otherwise indicated, the relevant time period for information sought or topics to be addressed shall be from January 1, 2018 continuing through the present.

**RULE 30(b)(6) DEPOSITION TOPICS**

1. The engagement, retention, or hiring of Grasslands by TGA related to MJ's Market.

2. All communications, whether written or oral, between Grasslands and TGA relating to or concerning MJ's Market.

3. All communications, whether written or oral, between Grasslands and MJ's Market.

4. All work performed, advice rendered, efforts undertaken, analyses conducted, reports prepared, or investigations carried out by Grasslands related to, concerning, or on behalf of MJ's Market.

5. Documents produced by Grasslands in response to a subpoena issued in this Action.