**Subject:** RE: MJ's Market v. Jushi Holdings, Inc., et al.
**Date:** Saturday, April 4, 2026 at 8:59:20 AM Eastern Daylight Time
**From:** Donovan, Caroline
**To:** Michael Duffy, 'eric@kfourylawandconsulting.com', Higgins, Chad, McCall, Kristin, Brandwein, Zack, Long, Joseph
**CC:** Wood, Lisa, Kerner, Rachel, Kang, Gilleun
**Attachments:** image002.png, Grasslands subpoena.pdf

Mike, please see the attached subpoena, as to which counsel for Grasslands accepted service. We intend to move forward with the deposition on April 8 at the time noticed.

Regards,
Caroline

Caroline S. Donovan | **Partner**
FOLEY
HOAG LLP

**FOLEY HOAG LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

+16178321165 phone

www.foleyhoag.com

---

**From:** Michael Duffy <mduffy@tddlegal.com>
**Sent:** Friday, April 3, 2026 8:00 AM
**To:** Donovan, Caroline <cdonovan@foleyhoag.com>; 'eric@kfourylawandconsulting.com' <eric@kfourylawandconsulting.com>; Higgins, Chad <chad.higgins@dentons.com>; McCall, Kristin <kristin.mccall@dentons.com>; Brandwein, Zack <zack.brandwein@dentons.com>; Long, Joseph <joseph.long@dentons.com>
**Cc:** Wood, Lisa <LWood@foleyhoag.com>; Kerner, Rachel <rkerner@foleyhoag.com>; Kang, Gilleun <gkang@foleyhoag.com>
**Subject:** Re: MJ's Market v. Jushi Holdings, Inc., et al.

**[ EXTERNAL SENDER - mduffy@tddlegal.com ]**

---

Caroline,

Please send me the deposition subpoena and proof of service. This date is outside the discovery deadline and has come on less than a week's notice purportedly to be scheduled on the same date as Mr. Cacioppo's deposition that was set for April 8th by agreement.

We’re not agreeing to this deposition.

**Michael J. Duffy, Esq.**
617.620.6157 ▪ mduffy@tddlegal.com

**Tymann, Davis & Duffy LLP**
617.933.9490 ▪ 45 Bromfield Street, 6th Floor, Boston, MA 02108
**www.tddlegal.com**

ProVisors

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Tymann, Davis & Duffy, LLP immediately at either (617) 933-9490 or at mduffy@tddlegal.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

---

**From:** Donovan, Caroline <cdonovan@foleyhoag.com>
**Date:** Thursday, April 2, 2026 at 7:16 PM
**To:** Michael Duffy <mduffy@tddlegal.com>, 'eric@kfourylawandconsulting.com' <eric@kfourylawandconsulting.com>, Higgins, Chad <chad.higgins@dentons.com>, McCall, Kristin <kristin.mccall@dentons.com>, Brandwein, Zack <zack.brandwein@dentons.com>, Long, Joseph <joseph.long@dentons.com>
**Cc:** Wood, Lisa <LWood@foleyhoag.com>, Kerner, Rachel <rkerner@foleyhoag.com>, Kang, Gilleun <gkang@foleyhoag.com>
**Subject:** MJ's Market v. Jushi Holdings, Inc., et al.

Dear Counsel, please see attached notice of deposition to Grasslands Ltd.

Regards,
Caroline

Caroline S. Donovan | **Partner**

FOLEY
HOAG LLP

**FOLEY HOAG LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

+16178321165 phone

www.foleyhoag.com

Any tax advice included in this document and its attachments was not intended or written to be used, and cannot be used for the purpose of avoiding penalties under the Internal Revenue Code.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Foley Hoag LLP immediately -- by replying to this message or by sending an email to postmaster@foleyhoag.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

For more information about Foley Hoag LLP, please visit us at www.foleyhoag.com

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| MJ's MARKET, INC.,<br>*Plaintiff*<br>v.<br>JUSHI HOLDINGS, INC., et al.,<br>*Defendant* | ) | Civil Action No. 4:23-CV-40037-MRG |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Grasslands Ltd.
c/o Registered Agent Ricardo Eli Tomas Baca, 963 Lipan St, Denver, CO, 80204

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remote means (Zoom) | Date and Time: 4/8/2026 2:00 pm Mountain (4:00 pm Eastern) |
|---|---|

The deposition will be recorded by this method: Audiovisual and stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/02/2026

*CLERK OF COURT*

OR

/s/ Caroline Donovan

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* JUSHI HOLDINGS, INC., et al., , who issues or requests this subpoena, are:
Caroline Donovan, FOLEY HOAG LLP, 155 Seaport Blvd. Boston, MA 02210, 617-832-1000, cdonovan@foleyhoag.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:23-CV-40037-MRG

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

The following definitions apply to this Deposition.

1. All definitions contained in Local Rule 26.5 of the United States District Court for the District of Massachusetts apply to these topics and are incorporated by reference.

2. The incorporation by reference of these definitions does not narrow or limit the meaning of any terms defined herein.

3. The term "Action" refers to *MJ's Market, Inc. v. Jushi Holdings, Inc., et al.*, Docket No. 4:23-cv-40037-MRG, pending in United States District Court for the District of Massachusetts.

4. The term "Jushi" shall refer to Jushi Holdings, Inc., Jushi, Inc., Jushi MA, Inc., Valiant Enterprises, LLC, McMann LLC, and Nature's Remedy of Massachusetts, Inc., as well as their agent(s), attorney(s), and any other person(s) acting or purporting to act on their behalf.

5. The terms "MJ's Market" and/or "Plaintiff" shall refer to MJ's Market, Inc., as well as its agent(s), attorney(s), and any other person(s) acting or purporting to act on its behalf, and including any current or former parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, shareholders, officers, directors, partners, agents, employees, servants, representatives, accountants, investigators, and attorneys.

6. The term "Grasslands" shall refer to Grasslands Ltd. as well as its agent(s), attorney(s), and any other person(s) acting or purporting to act on its behalf, and including any current or former parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, shareholders, officers, directors, partners, agents, employees, servants, representatives, accountants, investigators, and attorneys.

7. The term "TGA" shall refer to Troca Global Advisors LLC as well as its agent(s), attorney(s), and any other person(s) acting or purporting to act on its behalf, and including any current or former parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, shareholders, officers, directors, partners, agents, employees, servants, representatives, accountants, investigators, and attorneys.

8. The term "Sammartino" refers to Sammartino Investments LLC, WWF LLC, John Brady, Robert Carr, Jr., and Justin Lundberg, as well as their agent(s), attorney(s), and any other person(s) acting or purporting to act on their behalf.

9. The term "official," "director," "officer," "employee," "representative," or "agent" shall include any natural or corporate person, including any attorney, serving, acting or being in such capacity (by contract or otherwise) at any relevant time even if such person no longer serves, acts or is in such capacity.

10. The word "date" as used herein shall mean the exact day, month and year, if ascertainable, or if not ascertainable, the best approximation.

11. The terms "and," "or" and "and/or" are to be construed herewith conjunctively or disjunctively as necessary to bring within the scope of the specification all materials that might otherwise be construed to be outside its scope.

12. The terms "any" and "all" as used herein shall be construed to mean "each and every," and vice versa.

13. The terms "include" or "including" as used herein shall be construed to mean "without limitation," whether or not so specified in the particular topic.

14. The terms "person" or "persons" shall include not only natural persons, but also all firms, partnerships, associations, joint ventures, corporations, limited liability companies, governmental entities, and any other entity of any type.

15. The terms "refer" and "relate," "refers" and "relates," "referred" and "related," and "referring" and "relating" as used herein shall mean, in addition to their usual and customary meaning, in any way discussing, reflecting, supporting, concerning, mentioning, refuting, addressing, and/or recording.

16. The terms "document," "documents" or "documentation" shall have their customary, broad meanings and shall include, without limitation, any and all manner of written, typed, printed, reproduced, filmed, digital or recorded material, words, symbols, sound recordings, film, tapes, video tapes and information stored in, or accessible through, computers, phones, or other information storage or retrieval systems, data compilations, and all photographs, pictures, plans, video tapes, text messages, digital recordings or other representations of any kind or anything pertaining, describing, reflecting or relating, directly or indirectly, in whole or in part, to the subject matter of each paragraph of the discovery, and from which information can be obtained. The terms also include any former written communication, whether sent or received, and all non-identical copies of originals. If the information is kept in a computer or informational storage or retrievable system, the terms also include codes and programming instructions and other materials necessary to understand such systems.

17. The term "communications" shall refer to both written exchanges, including electronic, e-mail communications, and text messages, and oral exchanges regarding the issues at hand. Further, the term "oral" shall include those oral communications memorialized in some tangible form.

18. Unless otherwise indicated, the relevant time period for information sought or topics to be addressed shall be from January 1, 2018 continuing through the present.

**RULE 30(b)(6) DEPOSITION TOPICS**

1. The engagement, retention, or hiring of Grasslands by TGA related to MJ's Market.

2. All communications, whether written or oral, between Grasslands and TGA relating to or concerning MJ's Market.

3. All communications, whether written or oral, between Grasslands and MJ's Market.

4. All work performed, advice rendered, efforts undertaken, analyses conducted, reports prepared, or investigations carried out by Grasslands related to, concerning, or on behalf of MJ's Market.

5. Documents produced by Grasslands in response to a subpoena issued in this Action.